IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. EP-15-CR-1380-DB |
| | § | |
| LAWRENCE MADRID (1); | § | |
| ODET MADRID (2), | § | |
| a.k.a. Odet Corchado; | § | |
| | § | |
| Defendants. | § | |

**GOVERNMENT'S MOTION IN LIMINE**

Comes now, the United States by and through the undersigned Assistant United States Attorney and requests that counsel for the Defendants, Lawrence Madrid and Odet Madrid ("Defendants"), and through such counsel any and all defense witnesses, be instructed by appropriate order to refrain from making any mention or interrogation, directly or indirectly in any manner whatsoever, concerning the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause during the trial or during arguments in regard to any alleged theory of admissibility of such matters or during final argument of the trial.

1. <u>Defense Exhibits</u>.  Restricting counsel in opening statement from commenting on any defense exhibits that have not previously been supplied to counsel for the Government.

2. <u>Testimony only through Defendant</u>.  Restricting counsel from alluding to information or facts which could only come to the jury's attention through the sworn testimony of the

Defendant unless counsel for the Defense informs the Court that the Defendant will in fact testify.

      3. <u>Self-Serving Hearsay</u>.  Any interviews or statements or acts made by the Defendant to known law enforcement authorities, except those specifically elicited by the government in its presentation of evidence.  Such would constitute merely self-serving hearsay denials without allowing government counsel the right of confrontation.  *United States v. Yousef*, 327 F.3d 56, 153 (2nd Cir. 2003) (citing *United States v. Marin*, 669 F.2d 73 (2nd Cir. 1982)); Rule 801(c) of the Federal Rules of Evidence.

      4. <u>Pre-Trial Rulings</u>.  Divulge the contents of, or rulings on, any motions filed by either the Defendant or Government pretrial.  Rules 401, 402, and 403 of the Federal Rules of Evidence.

      5. <u>Discussions With Counsel</u>.  Discussions with, advice received, or actions by attorneys consulted by Defendant in connection with the investigation of Defendant prior to indictment in this cause.  Rules 401, 402, and 403 of the Federal Rules of Evidence.

      6. <u>Religion</u>.  Evidence of the beliefs or opinions of any witness on matters of religion, Rule 610 of the Federal Rules of Evidence.  *Government of the Virgin Islands v. Petersen*, 553 F.2d 324 (3rd Cir. 1977).

      7. <u>Punishment</u>.  The Government asks the Court to enter an order prohibiting defense counsel from mentioning to the jury that the crime with which the defendant is charged is a felony, carrying a specific sentence or any jail time whatsoever, be it on direct or cross-examination, or in argument.  An attorney's attempt at arguing the severity of possible punishment is impermissible, as it is an indirect attempt at arguing jury nullification.  *See, e.g.,*

*United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996); *United States v. Calhoun*, 49 F.3d 231, n. 6 (6th Cir. 1995 ) (holding that a defendant did not have the right to inform the jury of possible punishment or of its power to nullify a law or sentence).

Comments such as "taking away Defendant's freedom," "sending him to jail," "taking him away from his family," or even any statement as to the possible professional consequences he might suffer serve no purpose in this trial. The mention of such facts serves only to put before the jury the matter of what sentence or consequences a defendant might receive and, when it occurs, can only be intended to arouse the jury's sympathy. As the Court well knows, "the jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

8. <u>Cross Examination of Cooperating Witnesses Potential Sentences or Consequence of Offense Charged.</u>

In this case, the Government anticipates calling a witness who has been charged with the same or similar crimes that Defendant is charged. Cross-examination of this witness regarding her potential sentence, had she not cooperated or offered testimony, "would likely disclose to the jury that a particular offense carries a particular penalty. Such disclosure would inevitably prompt the jurors to speculate about whether a particular defendant will be subject to a particular penalty if convicted." *United States v. Cook*, 776 F. Supp. 755, 757 (S.D.N.Y. 1991).

In *Cook*, the district court granted the government's motion in limine, which requested that defense counsel be prohibited from cross-examining witnesses in a "manner calculated to alert the jury to the penalties defendants face on trial." *Id*. at 756. The rationale for the court's ruling was sound:

> The function of the jury in a criminal trial is to determine guilt or innocence based upon an impartial consideration of the evidence, unswayed by emotion, fear or prejudice. *See Taylor v. Kentucky*, 436 U.S. 478, 483-85, 98 S. Ct. 1930, 1933-35, 56 L. Ed. 2d 468 (1978); *United States v. Umans,* 368 F.2d 725 (2d Cir. 1966). Where the jury is permitted to speculate concerning a defendant's possible punishment, a jury cannot properly perform that function.

*Id.* at 757; *see United States v. Walton*, 552 F.2d 1354, 1364 (10th Cir. 1977) (exclusion of cross-examination concerning the witness' knowledge of the maximum penalty for the crime charged and that the witness' motive for testifying was to save prison time upheld).

Moreover, without the requested limitation, this Court would be called upon to conduct a discussion with the jury on sentencing, which would, in effect, remove the issue of sentencing from the exclusive province of the Court and distort the jury's deliberations. *See United States v. Frappier*, 807 F.2d 257, 261-62 (1st Cir. 1986), *cert. denied*, 481 U.S. 1006 (1987).

Finally, any cross-examination of witnesses regarding potential sentences would elicit only speculation by the witness. As such, this questioning would not only be improper for the reasons discussed above, such questioning could also be seriously misleading. Consequently, the Government asks that the Court exclude evidence regarding the potential sentences a cooperating witness is facing.

    9. <u>Plea Negotiations</u>. Any reference to the occurrence and substance of plea negotiations are not matters of concern for the jury. *United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993); *United States v. Verdoon*, 528 F.2d 103, 107 (8th Cir. 1976) (Government plea proposals should be excluded from evidence because meaningful dialogue would be impossible if either party were forced to assume the risk that its plea offers might be admissible); *see also, United States v. Robertson*, 582 F.2d 1356, 1367 (5th Cir. 1978).

10. <u>Jencks Rough Notes</u>.  The Defendant at trial might seek disclosure of witnesses' rough notes pursuant to the Jencks Act, 18 U.S.C. § 3500.  Accordingly, the Government moves in limine for an order directing that defense counsel not inquire about rough notes in the presence of the jury without, first, establishing that such notes still exist and, second, obtaining a ruling that the notes are covered by the Act.

Whether a writing constitutes a Jencks Act "statement" is a question of fact for the Court, *United States v. Roemer*, 703 F.2d 805, 807 (5th Cir. 1983), and generally rough notes incorporated into investigative reports are not subject to disclosure.  *See United States v. Ramirez*, 954 F.2d 1035, 1038 (5th Cir. 1992) (scattered notes containing names, addresses, and license plate numbers not "within the Act's purview"); *United States v. Medel*, 592 F.2d 1305, 1316-17 (5th Cir. 1979) (no Jencks Act violation where Court refuses to order production of material that merely duplicates other material already possessed by the Defendant).  Moreover, "[n]othing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports." *United States v. Pacheco*, 489 F.2d 554, 566 (5th Cir. 1974); *United States v. Cole*, 634 F.2d 866, 868 (5th Cir. 1981).

The Defendant should not be permitted to plant any adverse inference regarding the destruction of notes before the obligation to preserve them first arose.  Additionally, the Defendant must not be permitted to create the erroneous inference that the Government is withholding information unfairly in the event--as is likely--that the Court finds the agent's notes, or any other notes requested, not subject to disclosure.

11. <u>Defendant's Health</u>.  Any attempt to elicit testimony concerning Defendant's physical health to specifically include past or current disease, illness, attacks, or medical condition. Fed. R. Evid. 401, 402 and 403.

12. <u>Effect on Children or Family</u>.  Any attempt to elicit testimony concerning the effect of the prosecution on Defendant's children, family or girlfriend as such is improper testimony on sympathy.  Fed. R. Evid. 401, 402 and 403.

13. <u>Defendant's Financial Condition</u>.  Any attempt to elicit testimony concerning Defendants' financial condition and financial outlook.

14. <u>Immigration Consequences</u>.  Any attempt to elicit testimony concerning the effect of the prosecution or any conviction on the Defendant's immigration status, the possibility of deportation, denial of citizenship or denial of readmission as such is improper and irrelevant at the guilt stage of trial.  Fed. R. Evid. 401, 402 and 403.

15. <u>Inviting Defendant to Give a Narrative</u>.  Any effort by the Defendant to ask any witness any question to the effect, "Is there anything else you would like to tell the jury?," since such question calls for a narrative response, is not question much less a proper question, and therefore does not afford the Government to know the nature of the testimony called for by the invitation.

16. <u>Offers to Stipulate</u>. Volunteer, offer, or in any manner agree to stipulate to certain facts being sponsored into evidence by the Government unless some agreement between all parties with approval of the Court has been arranged concerning an agreed stipulation.  Rules 401, 402, and 403 of the Federal Rules of Evidence.

17. <u>Prior Criminal History</u>.  Any attempt to elicit testimony that the Defendant does not have any criminal history, that she has not previously been arrested, that she has a "clean record," or any similar testimony as such is improper character evidence.  Fed. R. Evid. 404, 405.

WHEREFORE, all premises considered, the United States prays this Motion in Limine be Granted.

                                        Respectfully submitted,

                                        RICHARD L. DURBIN, JR.
                                        UNITED STATES ATTORNEY

By:        _____/s/_____
              ROBERT ALMONTE II
              Texas Bar #24049479
              GREGORY E. McDONALD
              Texas Bar #13547300
              Assistant United States Attorneys
              700 E. San Antonio, Suite 200
              El Paso, Texas  79901
              (915) 534-6884

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2016, a copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to counsel of record.

                                                          /s/
                                          Robert Almonte II
                                          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CRIMINAL NO. EP-15-CR-1380-DB** |
| | § | |
| **LAWRENCE MADRID (1);** | § | |
| **ODET MADRID (2),** | § | |
| a.k.a. Odet Corchado; | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ON GOVERNMENT'S MOTION IN LIMINE

On the ____ day of May, 2016, the Court came to consider the Government's Motion in Limine, and said Motion is GRANTED or DENIED as set forth below:

1.     GRANTED    DENIED

2.     GRANTED    DENIED

3.     GRANTED    DENIED

4.     GRANTED    DENIED

5.     GRANTED    DENIED

6.     GRANTED    DENIED

7.     GRANTED    DENIED

8.     GRANTED    DENIED

9.     GRANTED    DENIED

10.     GRANTED    DENIED

11.     GRANTED    DENIED

12.     GRANTED    DENIED

13.         GRANTED   DENIED

14.         GRANTED   DENIED

15.         GRANTED   DENIED

16.         GRANTED   DENIED

17.         GRANTED   DENIED

Signed and entered on the _____ day of _____, 2016.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE